**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIPAKSORN TUNGJUNYATHAM,

  Plaintiff - Appellant,

 v.

MIKE JOHANNS, Secretary of the U.S.
Department of Agriculture Agency,

  Defendant - Appellee.

No. 11-16170

D.C. No. 1:06-cv-01764-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding [**]

Submitted June 29, 2012[***]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

   Dr. Tipaksorn Tungjunyatham ("Dr. Tung," as she refers to herself in her

pro se brief), an Asian-Pacific female, appeals the district court's grant of summary

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

   [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in favor of the United States Department of Agriculture ("USDA") on her claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Dr. Tung also appeals the district court's grant of summary judgment in favor of the USDA on her claim that the Agency violated her rights under the Privacy Act of 1974, 5 U.S.C. § 552a(b). We review a district court's grant of summary judgment de novo. *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The district court's grant of summary judgment may be affirmed "on any ground supported by the record." *Schmidt v. Contra Costa County*, 693 F.3d 1122, 1132 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Dr. Tung claims that the district court erred by granting summary judgment in favor of the USDA on her failure to promote claim. Dr. Tung argues that the USDA denied her a promotion because of racial discrimination. In a Title VII disparate treatment case, the plaintiff has the option of responding to a motion for summary judgment either by showing direct or circumstantial evidence of

---

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

discrimination, or by establishing a prima facie case and then proceeding through the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) burden-shifting framework set forth in *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005).

To establish a prima facie case, a plaintiff must show that 1) she belongs to a racial minority; 2) she applied for a position for which she was qualified and the employer was seeking applicants; 3) she was rejected even though she was qualified; and 4) that the position remained open and the employer continued to seek applicants with qualifications similar to those of the plaintiff. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the plaintiff is unable to prove every element of her prima facie case summary judgment is appropriate and there is no need to proceed through the burden-shifting framework. *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996).

The district court properly granted summary judgment in favor of the USDA on Dr. Tung's failure to promote claim because Dr. Tung failed to raise a genuine dispute of material fact as to whether she possessed the necessary skills in poultry husbandry or disease processes and the requisite ability to effectively communicate the Agency's objectives in the position for which she applied. *See Rissetto*, 94 F.3d at 600 (summary judgment properly entered when plaintiff is unable to satisfy

3

the element of her prima facie case); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Dr. Tung argues that the district court erred by granting summary judgment in favor of the USDA on her unlawful retaliation claim. A plaintiff may establish a prima facie case of retaliation by showing that 1) the plaintiff engaged in protected activities, 2) the employer subjected the plaintiff to an adverse employment decision, and 3) there was a causal link between the protected activity and the employer's action. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988). "The causal link may be established by an inference derived from circumstantial evidence, such as the employer's knowledge that the employee engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Id.* (internal quotation marks and alterations omitted). The employee must show that her engaging in the protected activity was a but-for cause of the adverse employment action she suffered to satisfy the third prong of the prima facie case. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). If the plaintiff is unable to prove every element of her prima facie case summary judgment is appropriate and there is no need to proceed through the burden-shifting framework. *Rissetto*, 94 F.3d at 600.

Dr. Tung is unable to show a causal link between her protected activity of filing complaints with the Equal Employment Opportunity Commission ("EEOC") and the adverse employment action of being required to attend additional training. Dr. Tung cannot show the causal link because she presented no evidence to suggest that the supervisor responsible for assigning her to additional training knew about the prior EEOC claims. *See Jordan*, 847 F.2d at 1376. Further, Dr. Tung presented no evidence to suggest that the timing between the filing of the EEOC complaints and her assignment to additional training gave rise to an inference of retaliation. *See id.* The district court did not err in granting summary judgment to the USDA on Dr. Tung's retaliation claim because she was unable to show that her EEOC activity was the but-for cause in her adverse employment action. *See Villiarimo*, 281 F.3d at 1065.

Dr. Tung claims that the district court erred by granting summary judgment in favor of the USDA on her wrongful termination claim. In order to assert a claim for wrongful termination based on racial discrimination under Title VII, the plaintiff must first establish a prima facie case. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). A plaintiff can establish her prima facie case by showing that she 1) was a member of a protected class; 2) that she was performing her job in a satisfactory manner; 3) that she was discharged; and 4) that the employer

5

sought a replacement with qualifications similar to those of the plaintiff or continued to need an employee with plaintiff's skills. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990). Summary judgment is appropriate if the plaintiff is unable to show that she was performing her job in a satisfactory manner. *Rissetto*, 94 F.3d at 600.

The district court properly granted summary judgment in favor of the USDA on Dr. Tung's wrongful termination claim because the USDA proffered evidence that Dr. Tung violated several agency rules and exercised poor judgment on the job, and Dr. Tung failed to raise a genuine dispute of material fact as to whether she was performing her job in a satisfactory manner. *See Rissetto*, 94 F.3d at 600 (summary judgement properly entered when plaintiff is unable to satisfy the prima facie element that she was performing her job in a satisfactory manner); *see also Schuler v. Chronicle Broadcasting Co. Inc.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (plaintiff's denial of the credibility of defendant's evidence and plaintiff's subjective personal opinions do not raise a genuine issue of material fact).

Dr. Tung argues that the district court erred by granting summary judgment in favor of the USDA on her claim that the Agency violated her rights under the Privacy Act. A successful claim under the Privacy Act requires a showing 1) the agency disclosed information contained within a system of records; 2) the

disclosure was improper; 3) the disclosure was intentional or willful, and 4) the plaintiff was adversely affected by the disclosure. *See Swenson v. U.S. Postal Service*, 890 F.2d 1075, 1077 (9th Cir. 1989). The Agency's disclosure is willful or intentional if it flagrantly disregards the plaintiff's rights under the Act. *See Covert v. Harrington*, 876 F.2d 751, 756 (9th Cir. 1989).

Dr. Tung cannot show that the disclosure of information was intentional or willful. Dr. Tung's representative during her EEOC claim agreed to exchange information via fax machine with the Agency's attorney. Pursuant to that agreement, the Agency's attorney sent Prehearing documents to Dr. Tung's representative via fax machine. Therefore, the district court did not err because a reasonable trier of fact could not conclude that the information was transmitted with gross negligence or that the USDA's representative flagrantly disregarded Tung's rights under the Privacy Act by sending the documents via fax machine. *Covert*, 876 F.2d at 756, 757.

**AFFIRMED.**